# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MO-KAN IRON WORKERS PENSION FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 21-cv-00346-SRB ) |
| LAWSON STEEL ERECTION, LLC, | ) ) ) |
| Defendant. | ) |

## DEFAULT JUDGMENT

Before the Court is Plaintiff Mo-Kan Iron Workers Pension Fund, Mo-Kan Iron Workers Welfare Fund, Mo-Kan Iron Workers Annuity Plan, and Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, and their respective Trustees' ("Plaintiffs" or "Plaintiff Funds") Motion for Judgment by Default by the Court Pursuant to Rule 55(b)(2). (Doc. #6.) For good cause shown, and as set forth below, the motion is GRANTED.

1. Plaintiffs herein on May 18, 2021, filed their Complaint against Defendant Lawson Steel Erection, LLC; and

2. Defendant Lawson Steel Erection, LLC, through its General Manager/Member of the Board, Joe Cornelius, was served with a copy of the Summons together with a copy of Plaintiffs' Complaint on June 4, 2021, at 1600 Dora St., Kansas City, MO 64106, and therefore the Court has jurisdiction over Defendant Lawson Steel Erection, LLC; and

3. This action arises and subject matter jurisdiction is properly based on Section 301 of the Labor Management Relations Act as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act, 29 U.S.C. § 1132, and therefore the Court has subject matter jurisdiction over the within cause; and

4. Defendant Lawson Steel Erection, LLC has failed to answer or otherwise defend as to Plaintiffs' Complaint, or serve a copy of any Answer or other defense upon Plaintiffs' attorneys of record or upon Plaintiffs; and the Plaintiffs have heretofore filed in the within cause on June 30, 2021, the following pleadings and caused the same to be mailed by certified mail to: Joe Cornelius, General Manager/Member of the Board of Lawson Steel Erection, LLC., 1600 Dora St., Kansas City, MO 64106:

    a. Plaintiffs' Motion for Default Judgment by the Court (Pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure);

    b. Suggestions in Support of Plaintiffs' Motion for Default Judgment by the Court; and

    c. Plaintiffs' Affidavit of Failure to Plead or Otherwise Defend in Support of Motion for Default Judgment as Required by Rule 55(b)(2) Federal Rules of Civil Procedure.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment by default is hereby entered against Defendant Lawson Steel Erection, LLC, and in favor of plaintiffs, Mo-Kan Iron Workers Pension Fund, Mo-Kan Iron Workers Welfare Fund, Mo-Kan Iron Workers Annuity Plan, and Mo-Kan Iron Workers Apprenticeship, Training and Education Fund, and their respective Trustees, for failure to answer or to plead, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, as follows:

## COUNT I

1. Defendant is hereby ordered to pay the Mo-Kan Iron Workers Pension Fund the amount of **FORTY-NINE THOUSAND, TWENTY-ONE AND 07/100 ($49,021.07) DOLLARS** in unpaid fringe benefit contributions, **SEVEN THOUSAND, NINE HUNDRED SEVENTY AND 83/100 ($7,970.83) DOLLARS** as and for liquidated damages and **EIGHT HUNDRED NINETY-FIVE AND 76/100 ($895.76) DOLLARS** as and for interest due and owing for the period **January 1, 2018 through March 24, 2021**.

2. Defendant is hereby ordered to pay the Mo-Kan Iron Workers Annuity Plan the amount of **FORTY-TWO THOUSAND, FOUR HUNDRED FORTY-SIX AND 56/100 ($42,446.56) DOLLARS** in unpaid Annuity Plan contributions, **SIX THOUSAND, NINE HUNDRED THIRTY-NINE AND 96/100 ($6,939.96) DOLLARS** as and for liquidated damages and **EIGHT HUNDRED THIRTY-TWO AND 43/100 ($832.43) DOLLARS** for interest due and owing for the period **January 1, 2018 through March 24, 2021**.

3. Defendant shall be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the Mo-Kan Iron Workers Pension Fund and Annuity Plan on behalf of employees working under the collective bargaining agreement.

4. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT II

1. Defendant is hereby ordered to pay the Mo-Kan Iron Workers Welfare Fund the amount of **FORTY-NINE THOUSAND, SEVEN HUNDRED THIRTY-EIGHT AND 72/100 ($49,738.72) DOLLARS** in unpaid fringe benefit contributions, **EIGHT THOUSAND, EIGHT HUNDRED ONE AND 62/100 ($8,801.62) DOLLARS** as and for liquidated damages and **EIGHT HUNDRED NINETY-SEVEN AND 49/100 ($897.49) Dollars** for interest due and owing for the period **January 1, 2018 through March 24, 2021**.

2. Defendant shall be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the Mo-Kan Iron Workers Welfare Fund on behalf of employees working under the collective bargaining agreement.

3. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT III

1. Defendant is hereby ordered to pay the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund the amount **FOUR THOUSAND, TWO HUNDRED THREE AND 31/100 ($4,203.31) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, TWENTY-EIGHT AND 50/100 ($1,028.50) DOLLARS** as and for liquidated damages and **ONE HUNDRED EIGHTY-FIVE AND 90/100 ($185.90) Dollars** for interest due and owing for the period **January 1, 2018 through March 24, 2021**.

2. Defendant shall be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the Mo-Kan Iron Workers Apprenticeship, Training and Education Fund on behalf of employees working under the collective bargaining agreement.

3. Defendant shall maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2021